IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NATHAN AVERY ROACH, :
:
    Plaintiff, :
:
v. : Case No. 5:25-cv-78-MTT-ALS
:
WARDEN C JEFFERIES, *et al.*, :
:
    Defendants. :
:

**ORDER**

Presently pending before the Court are the claims of *pro se* Plaintiff Nathan Avery Roach, an inmate currently incarcerated in the Macon State Prison in Oglethorpe, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On August 12, 2025, the Court dismissed Plaintiff's Complaint for failure to comply with its previous orders and instructions and entered judgment (ECF Nos. 7, 8). In doing so, the Court noted that Plaintiff had not responded to the Court's June 2, 2025 Order directing Plaintiff to recast his Complaint on the Court's standard form or the July 9, 2025 Order directing Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply with the June 2, 2025 Order. Shortly after the Court entered its order of dismissal, however, Plaintiff filed a motion for reconsideration of the order of dismissal (ECF No. 9) and a motion for an extension of time to recast his Complaint (ECF No. 10).

In light of the Court's duty to liberally construe *pro se* pleadings, and because final judgment has been entered, the Court will construe Plaintiff's motion as one to alter or

amend judgment under Federal Rule of Civil Procedure 59(e). *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" for reasons including the creation of "a better correspondence between the substance of a *pro se* motion and its underlying legal basis" and the avoidance of "an inappropriately stringent application of formal labeling requirements"). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

In this case, Plaintiff asserts "he received the original order to recast in a[n] untimely fashion and states that it would [have] been impossible to comply with the ordered timeframe." ECF No. 9 at 1. In part, the delay in receipt may have been related to "a strict administrative quarantine due to an illness" in the prison during which "no mail was picked up by staff." *Id.* at 2. Plaintiff also states that he was unable to timely access "writing utensils, paper, envelopes and other items needed to comply with the Court's order," despite having requested such items multiple times. *Id.* at 1-2. Plaintiff's motion for an extension of time reiterates these contentions. ECF No. 10 at 1-2. Plaintiff has also submitted a recast complaint in compliance with the June 2nd Order (ECF No. 10-1). Based on these allegations, the Court finds that relief under Rule 59(e) is appropriate.

Plaintiff's motions (ECF Nos. 9, 10) are **GRANTED**, and the Court **VACATES** the Court's August 12, 2025 Order (ECF No. 7) and Judgment (ECF No. 8).  The Clerk is **DIRECTED** to remand this case to the assigned United States Magistrate Judge for preliminary screening under 28 U.S.C. § 1915A and § 1915(e) and any additional further proceedings in accordance with the February 27, 2025 Order of Referral (ECF No. 3).

**SO ORDERED** this 4th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT