IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NATHAN AVERY ROACH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-78-MTT-ALS |
| | : | |
| WARDEN C. JEFFERIES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Nathan Avery Roach's Recast Complaint (Doc. 10-1) is now ripe for screening pursuant to 28 U.S.C. § 1915A and § 1915(e). Having conducted such review, the undersigned finds that Plaintiff's Eighth Amendment conditions-of-confinement and medical treatment claims against Defendants Jefferies, Jones, and Pope shall proceed for further factual development. It is **RECOMMENDED**, however, that his remaining claims be **DISMISSED without prejudice**.

**PRELIMINARY SCREENING OF PLAINTIFF'S RECAST COMPLAINT**

**I.      Standard of Review**

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir.

2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

**II.     Factual Allegations and Plaintiff's Claims**

Plaintiff's claims arise from his incarceration at Macon State Prison ("MSP"). (Doc. 10-1, at 3). Plaintiff alleges in the Recast Complaint that the conditions under which he was confined at MSP were not "safe and humane," and that he did not receive appropriate medical care, as described in more detail below. *Id.* at 5.[1] Plaintiff names MSP Warden C. Jefferies, Warden D. Jones, and Unit Manager Officer Pope as Defendants in this case. *Id.* at 4. Plaintiff may also wish to sue Clothing Coordinator Ms. K. Tyson. *See id.* at 8. He contends these Defendants' actions and inaction violated his constitutional rights, and as a result he seeks unspecified relief. *See id.*

*A.  Claims against Clothing Coordinator Tyson*

As an initial matter, Plaintiff vaguely mentions that Clothing Coordinator Tyson "knowingly and deliberately violated his Eighth Amendment rights." (Doc. 10-1, at 8). Plaintiff, however, does not list Ms. Tyson as a Defendant, mention her anywhere else in the body of his Complaint, or explain what she did to violate his rights. Thus, even if he intended to sue Ms. Tyson, Plaintiff has failed to state an actionable claim against her. Therefore, any claims against Ms. Tyson are subject to dismissal. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

---

[1] The Recast Complaint is the operative pleading in this case. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averment against his adversary" (alteration in original) (citation omitted)).

3

### B. Conditions-of-Confinement Claims

Plaintiff's claims center on the conditions of his confinement at MSP. First, Plaintiff contends the cells in which he was housed at MSP did not have sufficient lighting. (Doc. 10-1, at 5). He also contends that the water at the prison was contaminated, causing him to become ill. *Id.* Additionally, he contends he did not receive recreation or yard call while he was housed in the H-building at the prison. *Id.* He also alleges he was housed in another unit where he did not have "proper clothing, sheets, blanket, coat/jacket, [or a] sweater" when the temperature was 40 degrees "and lower nights and days for multiple weeks." *Id.* at 6. Finally, he contends he was subject to "prison overcrowding." *Id.*

Plaintiff's allegations about lighting, water supply, recreation, clothing, and crowding are a challenge to the conditions of his confinement under the Eighth Amendment. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (observing that State is obligated to care for inmates' "basic human needs," to include adequate food, clothing, and shelter (citation omitted)). A conditions-of-confinement claim has both objective and subjective components. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). To state a conditions of confinement claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently serious or extreme "to constitute a denial of the 'minimal civilized measure of life's necessities.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This standard is only met when the challenged conditions present "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling*, 509 U.S. at 33), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36.

To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. To establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Id.* Even if a defendant is subjectively aware of a substantial risk of serious harm, however, "he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'" *Id.* at 1262 (quoting *Farmer*, 511 U.S. at 844-45).

Plaintiff states he was in cell without lights "for weeks." (Doc. 10-1, at 5). He states he "suffered minor head injuries from multiple trip and falls resulting from lack of lighting," and—perhaps more significantly—"self inflicted head injuries resulting from mental health degression due from an extensive period of lack of light." *Id.* He further states that the contaminated water at the prison caused him to become "physically ill" with "extreme stomach pains" and "bloody urine and stool." (Doc. 10-1, at 6). And he complains that he did not have adequate clothing or bedding to keep him warm for "multiple weeks" despite temperatures in the forties. *Id.* Plaintiff also alleges that "he still suffers from p[sy]chological health issues from living in inhumane conditions." *Id.*

These allegations, when construed liberally and taken as true, are sufficient to establish the type of extreme conditions that could amount to constitutional violations. *See, e.g.*, *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (holding that "alleged deprivation of adequate lighting in [inmate's] cell for thirty-five days is sufficiently extreme to state an Eighth Amendment

claim"); *Womble v. Harvanak*, 739 F. App'x 470, 473 (10th Cir. 2017) (allegations that "water was brown" and "often made [inmate] sick" after drinking was sufficiently specific to allow Eighth Amendment claim to proceed for factual development because "access to a sufficient supply of *uncontaminated* drinking water is a basic human need"); *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991) (inmate could state Eighth Amendment claim where he was "confine[d] in a cold cell with no clothes except undershorts and with a plastic-covered mattress without bedding" and "temperature was as low as 60 degrees").[2] Plaintiff also contends he told Defendants Jefferies, Jones, and Pope about "his unconstitutional living conditions multiple times," both verbally and in writing, but "each deliberately ignored the situation and conditions." (Doc. 10-1, at 7). At this early stage, these allegations are sufficient to show that these Defendants may have been deliberately indifferent. *See, e.g.*, *Powell*, 720 F. App'x at 228-29 (holding prison officials "were deliberately indifferent to [inmate's] repeated requests to fix the faulty lighting in his cell"). Plaintiff's prison conditions claims against Defendants Jefferies, Jones, and Pope shall therefore proceed for further factual development.

### C. Medical Treatment Claims

Plaintiff's allegations also suggest that Defendants Jefferies, Jones, and Pope failed to provide him with adequate medical treatment. A prison official who is deliberately indifferent to

---

[2] Plaintiff's claims that the prison is overcrowded and that he did not receive adequate recreation or yard call time are insufficient to state an actionable Eighth Amendment claim. Plaintiff does not provide any further factual details about the alleged overcrowding, and his suggestion that he did not receive recreation or yard call for an unspecified length of time does not by itself state a constitutional claim. *See Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979), *on reh'g*, 636 F.2d 1364 (5th Cir. 1981) ("Our cases have never held that convicted prisoners have a constitutional right to outdoor exercise."); *see also Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (inmate's claims that he was "deprived of yard or recreation time" for four weeks did not rise to the level of a constitutional violation"). These conditions, however, could have the type of "mutually enforcing effect that produces the deprivation of a single, identifiable human need" that may violate the constitution. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Indeed, Plaintiff mentions that the reason he did not receive adequate clothing was due to overcrowding (Doc. 10-1, at 7), and if he was not permitted outside then the deprivation of light in his cell becomes more acute. These allegations are thus construed in that context.
6

an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an actionable claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann*, 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Establishing the second element—deliberate indifference—requires the same analysis as in a prison conditions case: the plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 411 U.S. at 839).

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326. "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

Plaintiff's allegations at this early stage are relatively sparse. Even so, Plaintiff has set forth facts sufficient to show that his stomach pains, bloody urine, and bloody stool amounted to serious medical needs. *Farrow*, 320 F.3d at 1243; *see also Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) ("Under our case law, a reasonable jury could find that [prisoner's] severe pain and suffering constituted a serious medical need."), *abrogated on other grounds by Wade*, 106 F.4th at 1255. Plaintiff further alleges that he requested help from medical and that he complained verbally and in writing to Defendants Jefferies, Jones, and Pope about the lack of medical care, but to no avail. (Doc. 10-1, at 7). The Court therefore cannot say that Plaintiff's medical treatment claims against Defendants Jefferies, Jones, and Pope are entirely frivolous, and they shall also proceed for further factual development.

## CONCLUSION

For the foregoing reasons, Plaintiff's Eighth Amendment conditions-of-confinement and medical treatment claims against Defendants Jefferies, Jones, and Pope shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the

provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Jefferies, Jones, and Pope, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise

granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 24th day of October, 2025.

                                                s/ **ALFREDA L. SHEPPARD**
                                                UNITED STATES MAGISTRATE JUDGE