**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| NATHAN AVERY ROACH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-78-MTT-ALS |
| | : | |
| Warden C. JEFFERIES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Before the Court are Plaintiff's motions to appoint counsel and what the Court interprets as a request for a copy of Plaintiff's objection to this Court's Order and Recommendation (Doc. 12) filed on October 24, 2025. (Doc. 20). For the reasons which follow, Plaintiff's motion to appoint counsel is denied, and his motion for a copy of his objection is granted.

**Motion to Appoint Counsel**

Plaintiff claims that appointed counsel is necessary because the issues are complex and there will be timing issues in responding to court filings. (Doc. 20, at 2). A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a 42 U.S.C. § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.*

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under 28 U.S.C. § 1915).

In determining whether a case presents extraordinary circumstances, the Court considers:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and – after applying the factors discussed above – concludes that appointed counsel is not presently justified. Despite Plaintiff's claims that the issues are complex, he adequately presented his claims such that his claims survived frivolity screening, he was granted *in forma pauperis* status, and although the Court initially dismissed his complaint for failing to respond to Court orders, Plaintiff successfully moved for reconsideration and the Court ordered service on three individuals that Plaintiff named as Defendants. (Docs. 5, 7, 9, 11, 12). As it relates to filing deadlines, the Court will notify Plaintiff of any future motions for summary judgment or for dismissal and provide him with the deadlines for responding to any such motions. By sending a separate letter to the Clerk of Court, Plaintiff may also request a copy of the Court's Local Rules to familiarize himself with the deadline for responding to other filings. Consequently, it appears to the Court that Plaintiff – at this time – has the ability to present his case to the Court. Should it subsequently become apparent that appointed counsel is necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Accordingly, Plaintiff's motion to appoint counsel is denied.

**Motion for Copy of Objection**

While not entirely clear, Plaintiff appears to request a copy of his objection to the Court's preliminary screening Order and Recommendation. (Doc. 20, at 1). Although Plaintiff appears to abandon any objection to the Court's alleged failure to consider his objections to the Order and Recommendation, stating that he "agrees with the ruling made by the" District Judge and he "seeks to proceed forward[,]" (Doc. 20, at 2), the Court grants the request to be provided with a copy of his objections.

**Conclusion**

For the reasons stated above, Plaintiff's motion to appoint counsel (Doc. 20) is **DENIED**, and Plaintiff's motion for a copy of his objection is granted (Doc. 20) is **GRANTED**. The Clerk is **directed** to forward to Plaintiff a copy of his objection. (Doc. 15).

**SO ORDERED**, this 26th day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

3